IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO.  <u>JRR-23-146</u> |
| GARRICK POWELL, | : |
| Defendant | : |

**MOTION FOR EXCLUSION OF TIME FROM SPEEDY TRIAL <u>COMPUTATIONS</u>**

The United States of America, by and through undersigned counsel, hereby moves this Court as follows:

1. The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be brought to trial within 70 days of indictment or initial appearance. The Act does provide for various circumstances under which the computation of time may be excluded.  18 U.S.C. § 3161(h).

2. On April 26, 2023, a grand jury sitting in the District of Maryland indicted Garrick Powell in a two-count indictment.  ECF 1.

3. Powell had his initial appearance on May 3, 2023.  ECF 4.  The Court detained Powell by agreement of the parties.  ECF 6.

4. The Government provided discovery to counsel and continues to send productions as other discovery becomes available.

5. On September 18, 2023, the Court held a detention hearing based on the Defendant's appeal of the magistrate judge's order.  ECF 23, 24.  The Defendant fired his counsel after the hearing and the Court set in the matter for an attorney inquiry hearing.  ECF 26.

6. The Court released counsel from representation on September 28, 2023.  ECF 30.  On

1

October 4, 2023, new counsel entered their appearance.   ECF 32.

7.      The Government provided discovery and outlined their view of the guidelines and possible plea to new counsel.    No dates have been set in this matter.

8.      The Government previously excluded speedy clock computation time through November 20, 2023.   The Government now respectfully requests and additional 60 days in order to allow the parties to begin plea negotiations and if those are not productive, the time will allow the parties to file motions or request a trial date.    The circumstances of this case permits such a delay and an exclusion of time during this period.   Periods of delay that extend the time within which trial should commence include delays granted by the Court on the basis of a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant's right in a speedy trial.    18 U.S.C. § 3161(h)(7)(A).    In this case, the requested exclusion of time will allow the parties time to resolve this matter short of trial.    A plea disposition would serve the interests of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial.   Therefore, in this case the ends of justice served by extending the computation of time under the Speedy Trial Act outweigh the interests of the defendant, and the public, in a speedy trial, and the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7).

9.      Counsel for the Defendant does not object.

Wherefore, the United States, through undersigned counsel, hereby requests that the Court issue an Order providing for the requested exclusion of time from November 30, 2023 through January 30, 2024.

A proposed Order is attached herein.

        Respectfully submitted,

        Erek L. Barron
        United States Attorney

By:    _____/s/_____
        Patricia McLane
        Assistant United States Attorney

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| UNITED STATES OF AMERICA | : | |
| --- | --- | --- |
| v. | : | CRIMINAL NO.  **JRR-23-146** |
| **GARRICK POWELL,** | : | |
| **Defendant** | : | |

## ORDER

Upon consideration of the Government's Motion for Exclusion of Time from Speedy Trial Computations, the Court finds as follows:

New counsel was appointed on October 4, 2023. The parties need time to discuss a possible plea. A plea disposition would serve the interests of justice because it would allow the parties to enter into a mutually acceptable and beneficial disposition and would also preserve the resources that might otherwise be expended in a trial.

The circumstances of this case permit such a delay and an exclusion of time during this period. Periods of delay that extend the time within which trial should commence include delays granted by the Court on the basis of a finding that the ends of justice are served by taking such action outweigh the best interest of the public and the Defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In addition, periods of delay that extend the time within which trial should commerce include any delay resulting from pretrial motions, from the filling of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion. 18 U.S.C. § 3161(h)(1)(D).

In addition, counsel for the Defendant does not object.

Therefore, because the interest of justice served by such a delay outweighs the interests of

the defendant and the public in a speedy trial, the period from September 20, 2023 through November 20, 2023, is excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7) and (h)(1)(D).

    IT IS HEREBY ORDERED pursuant to 18 U.S.C. § 3161(h)(7), that the period from November 30, 2023, through January 30, 2024, shall be excluded from computation under the Speedy Trial Act; and

    The Clerk of the Court shall mail a copy of this Order to all counsel of record.

_____             _____
Date                                                                      The Honorable Julie R. Rubin
                                                                                 United States District Judge