

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Stanton Lawyer*　　　　　　　　　　　　　*Suite 400*　　　　　　　　　　　*DIRECT: 410-209-4936*
*Assistant United States Attorney*　　　　*36 S. Charles Street*　　　　　　*MAIN: 410-209-4800*
*Stanton.Lawyer@usdoj.gov*　　　　　　*Baltimore, MD 21201-3119*　　　*FAX: 410-962-0717*

July 29, 2024

The Honorable Julie R. Rubin, District Judge
United States District Court
101 West Lombard Street
Chambers 3A
Baltimore, MD 21201
**VIA ECF**

　　　　　Re: *United States v. Garrick Powell*, JRR 23-cr-146

Dear Judge Rubin,

　　　　We write to supplement the Government's Memorandum of Law in Opposition to Defendant's Motions (ECF 48) in two ways.  *First,* in its brief, the Government identifies that Defendant's Motion to Dismiss purports to attack Count Two of the indictment but fails to advance any specific arguments about the constitutionality of 18 U.S.C. § 922(o).  (*Id.* at 8.)  The Government inadvertently omitted a portion of its brief addressing the constitutionality of Section 922(o) and now includes that argument below.

　　　　If the Court determines that Mr. Powell has raised a constitutional challenge to Section 922(o), the Court should reject that challenge.  In *United States v. Miller*, the Supreme Court considered and rejected a Second Amendment challenge to a law that prohibited the possession of a short-barreled shotgun.  *See* 307 U.S. 174, 175 (1939).  More recently, the Supreme Court explained that it "read[s] *Miller* to say only that the Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes," and this "accords with the historical understanding of the scope of the right[.]"  *D.C. v. Heller*, 554 U.S. 570, 625 (2008).  The *Heller* Court went on to "recognize [an] important limitation on the right to keep and carry arms[,]" – the right is limited to those "sorts of weapons . . . in common use at the time.'" *Id.* at 627 (quoting *Miller*, 307 U.S. at 179.)  *Miller*, therefore, established, and *Heller* confirmed, that restrictions on the ownership of certain weapons, like the machine guns proscribed by Section 922(o), is supported by the historical traditions that place certain weapons outside the scope of the Second Amendment.

　　　　Nothing in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen* altered this historical understanding.  In fact, the *Bruen* Court discussed this aspect of *Miller* and *Heller* favorably.  597 U.S. 1, 21 (2022) ("[W]e found it 'fairly supported by the historical tradition of prohibiting the carrying of "dangerous and unusual weapons"' that the Second Amendment protects the possession and use of weapons that are 'in common use at the time.'" (citing *Heller*, 544 U.S. at 627)).  Thus, even if Mr. Powell had argued that Section 922(o) violates the Second Amendment,

facially or as-applied in his particular case, those arguments would fail because Section 922(o)'s restriction on owning a machine gun is "consistent with the principles that underpin our regulatory tradition." *United States v. Rahimi*, No. 22-915, 2024 WL 3074728, at *6 (U.S. June 21, 2024).

*Second*, in its brief, the Government cites to footage captured by the body worn camera ("BWC") of the Baltimore Police Department officer that transported the defendant to the Eastern District Station. (ECF 48 at 7 (citing Exhibit D).) The officer whose BWC footage was submitted as Exhibit D is unable to attend the motions hearing. The Government intends to call another officer whose BWC captured certain relevant statements made by the defendant upon his arrival at the Eastern District Station. That footage has been submitted to your chambers as Exhibit E on two discs containing Exhibits A, B, C, D, and E.

Please let us know if you have any questions or concerns.

> Very truly yours,
>
> Erek L. Barron
> United States Attorney
>
> __/s/*Stanton Lawyer*_____
> Stanton Lawyer
> Assistant United States Attorney