

233 EAST REDWOOD STREET
SUITE 1000C
BALTIMORE, MD 21202

**NIETO LAW OFFICE**

O: 443.863.8189
F: 443.378.5723
CNIETO@NIETOLAWOFFICE.COM

October 3, 2025

The Honorable Julie R. Rubin
United States District Court Judge for
The District of Maryland
101 West Lombard Street
Baltimore, Maryland 21202

    Re:    *United States v. Garrick Powell*
              Criminal Case No. JRR-23-0146

Dear Judge Rubin:

    Mr. Powell submits this brief supplement to the defense's sentencing letter that was filed on October 1, 2025 under seal with the Court. This supplement is filed in direct response to the Government's recent sentencing submission, ECF 73, but only pertaining to one salient and patently false point.

    In their submission, under Section B: History and Characteristics of the Offender, the Government writes that Mr. Powell intimidated a witness and "this act alone saved Mr. Powell from being convicted for the murder of a man on Annapolis Road. That man was shot and killed; Mr. Powell saw to it that his family never received justice." This statement is wholly untrue and, due to its grossly inappropriate nature, cannot stand uncorrected until Mr. Powell's sentencing hearing.

    Undersigned counsel spoke with Mr. Powell's trial counsel regarding the trial referenced in the Government's filing in which Mr. Powell was acquitted. This attorney recalls that the threatened witness did NOT recant his statements and, in fact, testified at that trial. Despite this witness' testimony, the jury concluded that the State had not met their burden and accordingly acquitted Mr. Powell for that alleged offense. It seems that any threats that witness may have received played no role in the outcome of that trial. It also seems, irresponsibly, that the Government does not have anything to support this wild claim other than an apparent fulsome desire to further villainize Mr. Powell by outright misstating that he got away with murder[1].

    Mr. Powell's sentencing hearing is scheduled for October 15th at 10:00am. Although undersigned counsel respectfully disagrees with other aspects of the Government's sentencing submission, the time to address those issues will be at this hearing. However, undersigned counsel would be in dereliction of his duties to allow such a

---

[1] The Government may endeavor to argue that they were simply amplifying the significance of Mr. Powell's prior conviction and not referencing the acquittal, but that argument is specious at best and disingenuous at worst.

The Honorable Julie R. Rubin
October 3, 2025

grossly inappropriate declaration by the Government to remain unaddressed and uncorrected throughout the next two weeks. By the sheer nature of this claim, this statement would have an insidious effect on the Court's view on this case, as it was designed to do. It also circumvents the prohibition against the consideration of acquitted conduct by indicating that this acquittal was due solely to Mr. Powell's malfeasance and not an actual lack of evidence in support of such serious charges.

    Some bells cannot be adequately unrung, but Mr. Powell respectfully believes that this Court will not consider this Government misstatement, nor any acquitted conduct, in determining an appropriate sentence for Mr. Powell.

Sincerely,

_____/s/_____
Christopher C. Nieto, Esq.
Nieto Law Office
233 East Redwood Street, Suite 1000C
Baltimore, MD 21202
(443) 863-8189  Office
(443) 378-5723  Fax
cnieto@nietolawoffice.com


CC:  Patricia McLane, Stanton Lawyer, AUSAs
    Helen Domico, USPO